## No. 6763.

### SUCCESSION OF L. H. TABARRY.

A mortgage creditor of a succession, whose debt has not been novated, having failed to take any action in a court of ordinary jurisdiction to foreclose his mortgage, can not ask for the revocation of an order of sale of the mortgaged property, granted by the probate court on the prayer of the administratrix, on the ground that the property no longer belonged to the succession, but belonged to a third person, who, in purchasing the property from the decedent, had assumed to pay his, (the creditor's) debt.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*E. Bermudez* and *A. Robert* for plaintiff and appellee.

*Louque & Fernandez* for administratrix and defendant.

The opinion of the court was delivered by

EGAN, J. Mrs. Tabarry, administratrix of this succession, obtained from the Second District Court of the parish of Orleans, where the succession was opened, an order for the sale of certain real estate, inventoried in the succession, for the purpose of paying debts. Tabarry had, while living, mortgaged this property to secure the payment of a certain promissory note for twelve hundred dollars, besides interest. John Carson, as the holder and owner of said note, took a rule upon the administratrix to show cause why the order of sale obtained by him

should not be revoked and annulled for the reason that the *succession* "*is not the owner of the property,*" by reason of the fact that Tabarry subsequent to the execution of the mortgage, had sold the lots of ground covered by it to one Aymes, *who had in the act of sale assumed to pay the note of Tabarry held by Carson.* The original mortgage imported confession of judgment, and contained the pact *de non alienando.* It is neither alleged nor proved that there was novation of the debt, that Carson accepted Aymes and released Tabarry, or that he has any other rights of mortgage on the property than those created by Tabarry. So far as the evidence discloses, he is still the creditor of the succession for the full amount of the principal of the note, certain amounts of interest having been paid and so indorsed on the note, which was extended each time, "without novation," as appears from the indorsements. No objection to the sale is urged on any other ground ; no claim of right to sell under the mortgage instead of under the order of the probate court, but only the single objection that "the succession is not the owner of the property and that Aymes, who had assumed to pay Carson's debt, is the owner. We are at a loss to perceive what right exists in Carson under this state of facts to oppose the sale in question in this manner. If the fact which he judicially admits by his allegations be true, no sale of the property in the succession can affect his right to sell it or have it sold under his mortgage as the property of Aymes, even had he *released* Tabarry and accepted Aymes as his debtor, as he did not, for the only note which he holds is that of Tabarry, to secure which, the mortgage was given, and novation is expressly stipulated against each time the interest is paid. The administratrix could only sell such interest, if any, as the succession had, and whatever amount the sale would produce would inure to the benefit of the creditors of the succession, Carson among them, according to their respective rank, so that any fund derived from the proposed sale would go to swell instead of diminishing the means of payment of the debts of the succession, while upon the hypothesis of the plaintiff in the rule a sale of the property mortgaged to him in the hands of another person, who was really the true owner, could not in law affect either his rights or those of the true owner who asserts no right in this proceeding and makes no complaint. Were it however, true that Carson has an interest to be heard in opposition to the proposed sale, it is well settled that the only legal mode by which he could do so under such allegations would be by injunction, to obtain which he must make oath and give bond as required by law. There is no other legal mode of preventing the execution of the order of courts of justice, whether probate or other. The right which the plaintiff in the rule asserts is not in or under the succession, *but adverse to it.* It is not a complaint by a creditor or other party interested that the

administratrix is proceeding irregularly or illegally in the administration
of succession property; but that she is treating and administering as
property of the succession that which is not; and on which the plaintiff
alleges he has certain mortgage rights adverse to the interests of the
succession. From his standpoint we think the probate court was with-
out jurisdiction to grant him relief by rule, petition, or otherwise, and
that he either has no standing in law or that his rights should have been
asserted in another court, and certainly by a different proceeding. It is
suggested in the brief of appellee, but we find no motion in the record
that this appeal should be dismissed for want of what is termed a coun-
ter letter and an answer of Aymes to the plaintiffs' rule, which were
offered in evidence and for filing in the court below, but rejected, to
which rejection the counsel for the administratrix took a bill of excep-
tions at the time, and which documents do not appear in the record. We
can not consider this objection thus taken; nor is it necessary under
our view of the case. The documents the want of which is complained
of would only militate against the plaintiff in the rule if they were before
us, and are not necessary to the determination of the cause. From the
statements in the record and bills of exception it appears that the coun-
ter letter was a written admission by Aymes of the unreality of the sale
by Tabarry to him, and that what is termed his answer to the rule
amounted to the same thing. We think that whether the latter be con-
sidered a technical answer or not, both it and the so-called counter letter
were legal evidence and should have been admitted to show that the act
of sale from Tabarry to Aymes was a mere formal, without being a *real
title*, and that the property was therefore in the succession. For that
purpose the date of execution of the writings was immaterial. They
would have bound Aymes, who could not after have disputed the right
of the administratrix and succession to the property in question; and
treated merely as evidence of title in the succession and of the right to
sell it as its property that both papers should have been received in evi-
dence, at least. That they were not so received was the fault of the
appellee, who as a creditor of the succession had no legal right to make
the objection that his means or sources of payment as such were thus
increased instead of being diminished as he seeks by this proceeding to
do. The present case looks to us very much like the attempt on the
part of a mortgage creditor who has by his own laches or delay suffered
the jurisdiction of the probate court for the sale of mortgaged property
to attach to evade and avoid the consequent effect of the subjection of
the proceeds to the ordinary rules of distribution under the succession
law. The judgment of the court below sustained the rule and revoked
the order of sale. We think this was error, and that upon the showing
made the administratrix was entitled to the order of sale. From the

judgment revoking it under the rule of Carson the administratrix has appealed, and we think rightly.

It is therefore ordered and adjudged that the judgment of the court below be and it is avoided and reversed, that the order for the sale of the property in question be reinstated and enforced, and that the appellee pay the costs of both courts.

### CONCURRING OPINION.

SPENCER, J.  I prefer to rest my concurrence upon the proposition that the party should have proceeded by injunction, and therefore in court of ordinary jurisdiction.

### ON APPLICATION FOR REHEARING.

MANNING, C. J.  The application for re-hearing not being accompanied by a printed statement of the points and authorities on which the party founds his application, and time to file the same not having been applied for, as required by Rule IX of this Court, the re-hearing is therefore refused.